(Reap. Dec. 10206)

WILBUR-ELLIS COMPANY
DUNNINGTON & ARNOLD, INC., ET AL. } v. UNITED STATES

Entry No. 836530–1/3, etc.

(Decided March 20, 1962)

*Lawrence & Tuttle* (*Norman C. Schwartz* of counsel) for the plaintiffs.

*William H. Orrick, Jr.*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following agreement and stipulation entered into between counsel for the respective parties:

MR. SCHWARTZ: I offer to stipulate with Government counsel that on or about the time of exportation of the consolidated appeals, such or similar merchandise was not freely offered for home consumption in the country of exportation.

MR. AUSTER: Agreed to.

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, that the price at the time of exportation as which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Peru in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was as set forth in Schedule "A", hereto attached and made a part hereof.

The appeals involved herein are such as are enumerated in schedule "A," attached to the stipulation of submission herein and made a part hereof, except reappraisement appeal Nos. 250877–A and 242279–A which have been previously abandoned (R. 4).

On the agreed facts, I find export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for

the determination of the values of the merchandise here involved and that such value for the merchandise here involved is as set forth in schedule "A" in the stipulation of submission herein.

Judgment will be rendered accordingly.